P. C. Martin and I. E. Martin, partners doing business
under the firm name of P. C. Martin & Co., *v.* M. L.
Zahnizer, H. B. Zahnizer and John R. Rush, partners
doing business under the firm name of East End Oil
Company, Appellants.

*Contract—Partnership liability—Act of manager—Question for jury—
Evidence.*

Where the question turns on whether an individual was acting for him-
self or for a company, of which he was a member and manager, in a con-
tract, if one was made, the determination of such question is for the jury,
and there being sufficient evidence, if believed, to establish the fact the
verdict will not be disturbed by the appellate court. The mere use by
the agent of the words "we" and "us" and the payment of rental by
the company's check are not of themselves sufficient to make the com-
pany a party to the contract, but taken in connection with other facts
admitted by the pleadings and testified to at the trial they go to make up
the question for the jury.

Argued May 9, 1899. Appeal, No. 149, April T., 1899, by
defendants, from judgment of C. P. Butler Co., March T.,
1897, No. 55, in favor of plaintiffs. Before Rice, P. J.,
Beaver, Orlady, W. W. Porter, W. D. Porter and Bee-
ber, JJ. Affirmed. Opinion by Orlady, J.

Assumpsit. Before Greer, P. J.

It appears from the record that a judgment on a verdict in
favor of plaintiffs was reversed by the Superior Court in an
opinion reported in 9 Pa. Superior Ct. 13.

On the second trial of the case it appears from the record
that this was an action to recover damages for the breach of
a parol contract which the plaintiffs alleged defendants made
with them in the summer of 1895, to buy a half interest in a
block of leases in Butler county. It appears from the evidence
that plaintiffs had taken up a block of leases, and there was tes-
timony tending to show that one of the plaintiffs made a parol
agreement with Zahnizer, a member of the defendant company,
who was secretary and manager thereof, to bear one half the
expenses of building a well under the leases for which the
plaintiffs were to transfer to the defendant company one half

interest in all the leases.   The well turned out to be dry and the territory covered by the leases valueless for oil purposes, and the leases were all returned to the lessors.   The defendant company refused to pay for the building, denying their liability on the contract, and this suit was brought to enforce payment.   Martin testified that he understood Zahnizer to be acting for the company because he was its manager, and in the conversation leading up to the contract used the words " we " and " us."   There was also evidence tending to show that Zahnizer was undoubtedly a member of the partnership known as the East End Oil Company and acted as its manager ; that he consulted his partners about the Martin matter ; that the company authorized him to check against its funds ; and the company's manner of conducting the business in permitting Zahnizer to commingle his individual affairs with its enterprises in the same neighborhood.

The plaintiff submitted the following points, which points were affirmed :

[1. If the jury believe that M. L. Zahnizer, a partner and manager of the East End Oil Company, upon behalf of the defendant company made a contract for the drilling of the well upon the Campbell farm in Brady township and to carry the one-half interest therein, and this was necessary for carrying on the partnership business in the ordinary way, the plaintiffs are entitled to recover the one half of the cost of the well, although the act of M. L. Zahnizer in making the contract was not in fact authorized by the other partners, unless notice of that want of authority was brought home to the plaintiffs before they had drilled the well.] [1]

[2. If the jury believe that M. L. Zahnizer, a partner and business manager of the East End Oil Company, made a contract with the plaintiffs or I. E. Martin, for the drilling of the well on the Campbell farm in Brady township and undertook to bear the one half of the expense thereof, and this contract was made by him upon behalf of the East End Oil Company and was necessary to carry out the purpose for which the partnership was formed, there was an implied power in M. L. Zahnizer to so bind his firm, and the plaintiffs are entitled to recover unless defendant has shown by the weight of testimony that

M. L. Zahnizer had no such authority and that this fact was brought home to the plaintiffs before they did the work.] [2] Defendants submitted, inter alia, the following points:

[4. It was the duty of I. E. Martin, when making his alleged contract with Zahnizer, to inquire as to whether Zahnizer was acting for himself or the East End Oil Company, and having failed so to do, the East End Oil Company should not suffer from his silence on so important a matter. *Answer:* Zahnizer says he told Martin he would consult the other members of the firm before he would close the contract; this would be notice to the plaintiffs that he was speaking for the company; refused.] [3]

[5. Unless the jury find from the evidence that Zahnizer's contract with Martin was authorized or ratified by the East End Oil Company their verdict must be for the defendants. *Answer:* The law authorized Zahnizer to make a contract for the firm within the scope of their partnership business, and special authority or ratificatian was not necessary; refused.] [4]

[6. There being no evidence that M. L. Zahnizer ostensibly held himself out to I. E. Martin at the time of making the alleged contract as representing the East End Oil Company, there can be no recovery by plaintiffs in this case without proof that said contract was originally authorized and subsequently ratified by the East End Oil Company. *Answer:* Refused; Martin says Zahnizer gave him a business card with the names of John R. Rush, H. B. Zahnizer and M. L. Zahnizer as a firm, the East End Oil Company, and that he dealt with them as such in another contract before this.] [5]

[7. If the jury find that M. L. Zahnizer, in the transaction in question, did not represent or undertake to represent the East End Oil Company, the verdict must be for the defendants. *Answer:* Affirmed; he being a partner and business manager the law implies that he represented and undertook to represent the East End Oil Company, and it is for you to find from the evidence whether he was acting for himself or for the company in the contract if made, and it is not alleged in the pleadings of either party that the contract was a personal one with Zahnizer and neither party attempted to prove such a fact.] [6]

[8. The testimony in this case is not sufficient to charge the

East End Oil Company with payment of plaintiff's claim, and the verdict must be for the defendant. *Answer:* Refused.] [7]

Verdict and judgment for plaintiffs for $535.98. Defendants appealed.

*Errors assigned* were (1, 2) in answer to plaintiffs' first and second points, reciting same.    (3–7) In answer to defendants' fourth, fifth, sixth, seventh and eighth points, reciting same.

*J. M. Galbreath*, of *McJunkin & Galbreath*, for appellants.—A party dealing with a known agent is bound to look to the terms of his authority: Lance v. Deacon, 39 Leg. Int. 178.

It is error for the court in charging the jury to state as a fact something which is unauthorized by the evidence and consequently misleading: Commonwealth v. Swayne, 1 Pa. Superior Ct. 547.

In the eighth and last point of defendants the court was requested to direct a verdict for the defendants because of the insufficiency of the testimony to charge them with payment of plaintiffs' claim. This point, we contend, should have been affirmed.

The vagueness and uncertainty of the contract, as testified to by I. E. Martin himself, should have been sufficient grounds for the affirmation of this point.

*T. C. Campbell*, with him *A. T. Black*, for appellees.—The strange claim is made, however, that it was necessary for plaintiffs to prove that M. L. Zahnizer, the managing partner of defendant company, had authority from the company to make this contract. The authority cited, that "a party dealing with a known agent is bound to look to the terms of his authority," has no application here.

Each partner is the general agent of his copartners in all matters within the scope of the business carried on by the firm: Hoskinson v. Eliot, 62 Pa. 393; Edwards v. Tracy, 62 Pa. 374; Rice v. Jackson, 171 Pa. 89.

There is no evidence of Zahnizer's authority being limited in any way, and his copartners are bound by his acts in this case, although he may have acted in as bad faith toward them as he did toward the plaintiff.

We do not now, and never did base any claim upon the use of the words " we " or " us " by Zahnizer in speaking of his interest in the well. He is not sufficiently precise in the use of the language to make that of any importance.

No evidence will be heard upon the trial of the cause as to any facts not substantially alleged or referred to as a ground of action or matter of defense in the statements then on file in the case : Neely v. Bair, 144 Pa. 250.

Two juries have found the fact to be that Zahnizer made the contract for the East End Oil Company. No jury could possibly come to any other conclusion. Appellants' only hope is in having the case taken away from the jury by the court, and it would put a premium on rascality to do that in this case. The rule of law contended for by appellants would make it easy for an oil company to take in an irresponsible and unscrupulous partner to make their contracts for drilling wells, and repudiate all that resulted in a " dry hole." Partnership is a voluntary association and if the members do not protect themselves from " wicked partners " it is their own fault or misfortune ; they have no just ground for complaint that the law gives some protection to people who deal with one of the partners within the scope of the partnership business upon the faith of their knowledge acquired by former dealings ; that he was a partner and that his firm was responsible.

OPINION BY ORLADY, J., July 28, 1899 :

The testimony adduced on the second trial of this case was sufficient to warrant the jury in returning a verdict for the plaintiff. Zahnizer's use of the words " we " and " us " in his conversations with Martin, and the mere payment of the rental and order by the checks of the East End Oil Co., were not of themselves sufficient to make the oil company liable for his acts. These acts taken in connection with the facts which were admitted in the pleadings : that he was a member of the partnership known as the East End Oil Co. and acted as its manager ; that he consulted with his partners about the Martin matter ; that the company authorized him to check against its funds, his declarations to others of his relations to the company, and its manner of conducting its business in permitting Zahnizer to commingle his individual affairs with its enterprises in the same neighborhood,

made it a question for the jury and not for the court. The proof which was lacking when the case was before us after the first trial (9 Pa. Superior Ct. 13) was furnished on the second, and when considered with the contradictions of the defendant's manager, and the answers to the defendant's points, was fairly submitted to the jury. It was for the jury to find from the evidence whether Zahnizer was acting for himself or for the company in the contract, if one was made, and after two trials of the case, that fact has been established by sufficient evidence.

The judgment is affirmed.