Flexlume Corp., Appellant, v. Norris.

Argued September 30, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Cecil P. Harvey,* of *Horenstein, Feldman & Harvey,* for appellant.—The contract as written was the personal obligation of the defendant: Williams v. Hipple, 17 Pa. Superior Ct. 81; Crelier v. Mackey, 243 Pa. 363; Gianni v. Russell & Co., Inc., 281 Pa. 320; Holcomb & Hoke Mfg. Co. v. Gamba, 80 Pa. Superior Ct. 191; Kidney v. Beemer, 27 Pa. Superior Ct. 558.

Having failed to bind the corporation the defendant bound himself: Beymer v. Bonsall, 79 Pa. 298; Hayes v. D. P. S. Nichols Co., 64 Pa. Superior Ct. 273; Robinson v. Wallace, 65 Pa. Superior Ct. 54; Aber v. Pa. Co. For Ins. on Lives, 269 Pa. 384.

*Frederick H. Warner,* and with him *C. P. Sterner,* for appellee, cited: Little Mfg. Co. v. Lipschutz, 87 Pa. Superior Ct. 102; Chatham National Bank v. Gardner, 31 Pa. Superior Ct. 135; Quigley v. DeHaas, 82 Pa. 267; Grange Trust Co. v. Brown, 49 Pa. Superior Ct. 274.

OPINION BY CUNNINGHAM, J., February 28, 1930:

The question involved on this appeal is whether the trial judge in the municipal court of the County of Philadelphia erred in directing a verdict for defendant and in denying plaintiff's motion for judgment n. o. v., based upon its point for binding instructions.

The action was assumpsit upon a written contract, in the form of an order and acceptance for the erection, for a consideration of $794.76, of two electric signs upon the Steeplechase Pier at Atlantic City, N. J., advertising a product called Osce-Y-Ola. No oral evidence was offered by either party; the case was tried upon the pleadings and, as submitted to us, turns entirely upon the construction of the written contract, a copy of which was attached to the statement. Full performance by plaintiff, demand for and refusal of payment by defendant were averred in the statement and not denied in the affidavit of defense and these portions of the statement, together with the contract, were admitted in evidence.

The order was dated April 17, 1925, and the portions material to the present issue read: "Enter our order for two signs [describing the size of letters, method of construction, etc.] at Osce-Y-Ola Co., Steeplechase Pier, Atlantic City, N. J." The shipping address given was "Wm. Bach, Fairmount Ave., Atlantic City, N. J." It was admitted of record that all the writing in the two concluding lines of the order was placed there by defendant. These lines read:

"Signed [printed] John Norris [written] by [printed] Sec. & Treas. Osce y ola [written].
Street [printed] Sterling Hotel [written] City [printed] Atlantic City [written] State [printed] N. J. [written]."

The debatable question is whether John Norris by such execution of the order made himself individually liable to plaintiff for the consideration. The defense interposed is thus stated in the affidavit: "It is averred

that the said contract was entered into between the plaintiff and the Osce-Y-Ola Sales Corporation, a corporation organized under the laws of the State of New Jersey, of which your deponent is secretary and treasurer. Your deponent avers that at the time the said Exhibit A was executed it was intended by the parties to be executed by the said Osce-Y-Ola Sales Corporation, and avers that the signature attached thereto is the signature of the said corporation by John Norris, its lawful agent, as secretary and treasurer thereof, and further avers that the said contract was understood by the parties to be so executed and was accepted by the plaintiff as and for an order or contract executed by the said corporation. Deponent avers that in no way was he accepted or considered as being personally obligated for the payments referred to in said order or agreement and further avers that at no time did he become surety for or guarantee the payment of the said account and that the above suit directed against himself and individually is improperly brought.''

There is no averment of fraud, accident or mistake in the execution of the order and no attempt was made to show that it was accepted by plaintiff, doing business in Buffalo, N. Y., as the order of the corporation for which defendant claims to have been acting as agent, or that it had any knowledge of the existence of the ''Osce-Y-Ola Sales Corporation.'' The use of the words ''Enter our order for two signs [to be] erected at Osce-Y-Ola Co., Steeplechase Pier'' and ''We agree to pay'' is favorable to defendant's contention that he was acting as agent for some principal in executing the order, but their use does not conclusively establish the fact that plaintiff was dealing with defendant as the agent of his corporation: Martin et al. v. East End Oil Co., 10 Pa. Superior Ct. 582. Nor is it conclusive in defendant's favor that he signed the name of a corporation after his individual signature; the individ-

ual signature imports a personal liability: Strauss v. Berman, 297 Pa. 432, 435. The addition of a corporate name in connection with other evidence might tend to contradict this import of personal liability; but here no other evidence was offered. We must conclude that the mere addition of the words "Sec. & Treas. Osce y ola" was insufficient, standing alone, to indicate that defendant did not sign in his individual capacity. The court below based its decision upon the theory that defendant signed as agent for a disclosed principal, but the difficulty is that nowhere in the paper does defendant disclose the true name of the corporation for which he now claims to have been acting as agent. The name "Osce-Y-Ola Sales Corporation" does not appear any place on the face of the instrument and it is difficult to see, on the record as presented, how plaintiff could have had any knowledge or notice that it was in reality dealing with that corporation or how a suit could be brought on the contract against the alleged principal. This material fact, which is ignored throughout the brief for appellee, distinguishes the present case from those therein cited.

This case seems to fall within the rule that, if an agent would avoid personal liability, the duty is on him to disclose his principal, and not on the party with whom he deals to discover it: 21 R. C. L. 895, Sec. 69; 2 C. J. 816, Sec. 491. The person dealing with an agent may be chargeable with notice of the agency by virtue of the surrounding circumstances (2 C. J. 820, Sec. 494) but the burden is upon the agent to establish such notice. The present record is barren of any evidence upon this question.

In our opinion, plaintiff's motion for judgment upon the whole record should have been granted.

The judgment is reversed and is here entered for plaintiff for $794.76, with interest from May 17, 1925.