**WILSON v. MELRATH SUPPLY & GASKET CO., Inc., et al.**

**Civil Action No. 1716.**

District Court, E. D. Pennsylvania.

June 26, 1942.

---

Alexander N. Rubin, of Hirschwald, Goff & Rubin, of Philadelphia, Pa., for plaintiff.

Witkin & Egan, of Philadelphia, Pa., for defendant Earle B. Melrath.

BARD, District Judge.

This matter presents a motion to dismiss.

This action is for breach of contract against Melrath Supply & Gasket Co., Inc., and Earle B. Melrath. The motion to dismiss is on behalf of Earle B. Melrath and is based upon the contention that he cannot be deemed to have executed the written contract in question in his individual capacity, but merely as an officer of the defendant corporation. The contract is signed as follows:

"
| Earl B. Melrath | President |
|---|---|
| Melrath Supply & Gasket Co. Inc. | |

and

| Richard H. Melrath | Secretary |
|---|---|
| Melrath Supply & Gasket Co. Inc. | |

for the Party of the First Part

and

| W. R. Wilson |
|---|

for the Party of the Second Part"

■ While it is true that normally the signature of an agent for a disclosed principal will not bind him in his individual capacity, the ultimate question is one of intention, and the entire agreement must be consulted to determine this. In the present case the opening paragraph of the contract reads as follows:

"Entered into * * * between Earle B. Melrath, his heirs and assigns; The Melrath Supply & Gasket Company, Inc., * * * of which company Earle B. Melrath is accredited authority by virtue of his being the President and principal owner; hereinafter the above mentioned are jointly and severally known and mentioned as the Party of the First Part: and William R. Wilson * * * as Party of the Second Part."

■ In view of the fact that this paragraph specifically states that the contract is entered into between Earle B. Melrath

and the defendant corporation "jointly and severally known and mentioned as the party of the first part", it would wholly fail to give any effect and significance to this expression by the parties if it were held that as a matter of law a signature by Melrath as president of the defendant corporation was insufficient to make him a party to the contract. There are a number of cases in which a contract has been signed on behalf of a corporation by an individual who was an officer thereof and in which it has nevertheless been held that the officer was individually liable because of other terms in the contract or because of circumstances surrounding its execution. Strauss & Co. v. Berman, 297 Pa. 432, 147 A. 85; Flexlume Corp. v. Norris, 98 Pa. Super. 530; Commercial Finance Co. v. DeMartelly, 269 Pa. 354, 112 A. 447.

Accordingly, it is clear that the individual defendant is not entitled to a dismissal of the action as to him as a matter of law because of the form in which his signature was affixed to the contract.

The motion to dismiss is denied.