332

## Anchor Hocking Glass Corp. v. Edelman

*Samuel A. Litzenberger, Goldman & Post,* for plaintiff.

*Satterthwaite & Toner,* for defendant.

MONROE, J., January 27, 1965.—This action against Jerome A. Edelman and Beatrice Edelman, as individuals, is based upon a written instrument attached to and made a part of the complaint. The instrument is addressed to plaintiff. Its undertaking is that the person or persons signing it "guarantee" the payment of the contractual indebtedness of Hires Bottling Co. of Baltimore, Inc., to Anchor Hocking Glass Corporation. Jerome A. Edelman signed the instrument at the bottom and to the right side thereof with "Pres." immediately following on the same line as his signature. Beatrice Edelman's signature appears at the bottom

of the instrument and on the left side thereof, immediately under the words, "In the presence of:"

The complaint does not state the capacity in which either defendant signed the instrument, the allegation being merely "defendants executed a written guarantee, a copy of which is attached hereto." Each defendant demurred to the complaint.

The only ground raised by brief and argument in support of Mrs. Edelman's demurrer is that it is apparent from the face of the instrument that she executed it as a witness only, and that the complaint does not allege otherwise. The instrument, on its face, is equivocal. The pronouns appearing therein designating the persons to be bound thereby are both singular and plural, "I we" "my our", neither the singular nor the plural pronouns being stricken out. A blank following the words "the undersigned" is not filled in. It is impossible to tell from the instrument whether the intent at the time of the execution was to bind one or both of the signatories. Mrs. Edelman's signature being on the left side of the paper and below the words "In the presence of" prima facie excludes any legal inference that she signed as a principal party: Steininger v. Hoch's Executor, 39 Pa. 263, 268; Merchants Banking Trust Company v. Klimosky, 9 D. & C. 143; Mihevc v. Gerchman, 16 D. & C. 420. Plaintiff's mere averment that Mrs. Edelman executed the instrument without indicating that she did so as a principal party, is insufficient to charge her with liability. Her demurrer will be sustained. However, because of the equivocal character of the instrument with respect to whether one or more persons were intended to be bound thereby, we will grant plaintiff leave to amend the complaint.

Mr. Edelman rests his demurrer only on the assertion that the instrument shows upon its face that he signed it not in an individual capacity but in a rep-

resentative capacity "as president of a corporation" because the abbreviation "Pres." follows his signature and, therefore, the complaint does not allege a good cause of action against him as an individual. The weakness of this argument is that the name of his corporate principal does not appear anywhere upon the instrument, unless it be the Hires Bottling Co. of Baltimore, Inc., the customer named in the instrument. This may be so but seems unlikely. It is difficult to imagine any advantage Anchor Hocking may derive by having the customer as guarantor, or surety, of the customer's obligation. We consider this assigned ground for demurrer to be without merit. In Flexlume Corp. v. Norris, 98 Pa. Superior Ct. 530 (1929), a signature to an agreement,

"Signed [printed] John Norris [written] by [printed] Sec. & Treas. Osce y ola [written]."

was, of itself, held not to establish the agency of John Norris for the Osce y ola Sales Corporation, the corporate name not appearing elsewhere in the instrument.

### ORDER

And now, January 27, 1965, the demurrer filed by defendant, Jerome A. Edelman, is dismissed. The demurrer of Beatrice Edelman is sustained with leave to plaintiff to file an amended complaint within 20 days from the date hereof, appropriately alleging therein liability as to her, if it can do so.