Dissenting Opinion by
Cekcone, J.:
The Trenton Trust Company appealed to this court from the lower court’s holding that as a matter of law endorsers of a note made payable to it were not personally liable on the note. The face of the note was signed as follows:
“The Shoe Back
X Mark Klausman, Sec.
X Lionel Klausman, Vice Pres.
X Michael Klausman, Pres.”
The back of the note was endorsed as follows:
“X Mark Klausman, Sec.
X Lionel Klausman, Vice Pres.
X Michael Klausman, Pres.
The Shoe Back X Mark Klausman, Sec.”
*406 The question is whether Mark Klausman, Lionel Klausman, and Michael Klausman, officers of “The Shoe Rack” corporation, are personally liable on the above endorsement.
Section 3-403 of the Uniform Commercial Code of April 6, 1953, P. L. 3, Section 3-403, as amended, 12A PS 3-403, provides as follows: “(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity; (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
“(3) Except as otherwise established the name of am, organization preceded or followed by the name and office of mi authorized individual is a signature made in a representative capacity.” (Emphasis supplied)
In the comment to said section the following examples are given, each assuming “Peter Pringle” to be the principal and “Arthur Adams” to be the agent :
“(a) Peter Pringle
(b) Arthur Adams
(c) Peter Pringle by Arthur Adams, Agent
(d) Arthur Adams, Agent
(e) Peter Pringle
Arthur Adams”
It is clear that the manner of endorsement in this particular note did not expressly fall within any of the above five examples. However, my determination is that it most closely resembles the example “c” in view of the fact that all the officers have signed with their *407 titles following their names and the name of the corporation appears following their signatures. The only difference between this manner of endorsement and example “c” is that the signatures of the agents precede the name of the corporation-principal and the word “by” is omitted. I do not find such differences, however, call for any interpretation different than that given to example “c” in the comment above mentioned, which is that: “The unambiguous way to make the representation clear is to sign as in (c). Any other definite indication is sufficient . . .” (Emphasis supplied) It is my opinion that by including their official titles after their signatures and thereafter stating the name of the corporation, the endorsers gave definite and unambiguous indication that they were signing in behalf of the corporation only.
I cannot agree with appellant that the case falls within example “d” of the comment above quoted, calling for oral evidence to ascertain the intent of the parties. In this case the corporate name clearly appears as part of the endorsement following the signatures of the officers as officers. The fact that the secretary’s signature again appears after the corporate name is not inconsistent with the provision of Section 3-403(3) above quoted and the application thereof above made.
The conclusion of this dissent is in accord with this court’s decision in Elkay Manufacturing Company v. Chasco Supply Co., 219 Pa. Superior Ct. 530 (1971), wherein we reversed the lower court’s entry of a judgment on the pleadings in favor of the individual signers of the Guarantee where no corporate principal was disclosed. This court there refused to supply as the corporate principal the customer named in the body of the Personal Guarantee, the court holding it would be unreasonable to interpret the corporation as guaranteeing its own debt. In the case now before us, as *408 above shown, the corporate principal was revealed and disclosed in the endorsement, and therefore we are not required to look elsewhere to supply a deficiency of a named principal or permitted to pass upon the reasonableness of supplying an unnamed principal. The individual defendants in this case, by signing as officers, in their representative capacity, and disclosing their principal, did not make themselves personally liable under the governing law as above set forth. That the actual intent of the parties may not have been in conformity with this application of the law is unfortunate. If the intent of the parties has not been achieved the fault lies not in the law we are required to apply, but in the appellant trust company’s failure to require an endorsement in conformity with its alleged intent.
In Flewlume Corp. v. Norris, 98 Pa. Superior Ct. 530, 534 (1930), relied on by this court in the Elkay Manufacturing Co. case, supra, the court pointed out: “The court below based its decision upon the theory that defendant signed as agent for a disclosed principal, but the difficulty is that nowhere in the paper does defendant disclose the true name of the corporation for which he now claims to have been acting as agent. The name ‘Osce-Y-Ola Sales Corporation’ does not appear any place on the face of the instrument and it is difficult to see, on the record as presented, how plaintiff could have had any knowledge or notice that it was in reality dealing with that corporation or how a suit could be brought on the contract against the alleged principal. This material fact, which is ignored throughout the brief for appellee, distinguishes the present case from those therein cited.
“This case seems to fall within the rule that, if an agent would avoid personal liability, the duty is on him to disclose his principal, and not on the party with whom he deals to discover it: 21 R.C.L. 895, Sec. 69; 2 *409 C.J. 816, Sec. 491. The person dealing with an agent may be chargeable with notice of the agency by virtue of the surrounding circumstances (2 C.J. 820, Sec. 494) but the burden is upon the agent to establish such notice. The present record is barren of any evidence upon this question.”
In the ease now before us, the true name of the corporate principal was disclosed in the endorsement. It is my determination, therefore, that the court below did not err in holding as a matter of law that the officers were not personally liable on the note and that parol evidence was not admissible to challenge their endorsements in their respective capacities as officers of the corporation only.
Accordingly, I Avould affirm the judgment.
Weight, P. J., and Watkins, J., join in this dissenting opinion.