# Hillbrook Apartments, Inc., Appellant, *v.* Nyce Crete Company.

566

568

Argued December 4, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent.)

*Clarke F. Hess,* with him *Butera and Detwiler,* for appellant.

*Robert G. Rosen* and *D. Murtaugh,* with them *Edward J. Hardiman, Walter J. Timby, Jr.,* and *Pearlstine, Salkin, Hardiman and Robinson,* and *LaBrum & Doak,* for appellee.

OPINION BY SPAETH, J., December 1, 1975:

Appellant, Hillbrook Apartments, Inc.,[1] instituted suit

---

1. Counsel have stipulated that the name of appellant is incorrect in the caption and that the correct name is "Hillbrook, Inc."

in assumpsit as assignee of a contract for the installation of concrete floor systems in six apartment buildings belonging to plaintiff. The complaint alleged that the floors were improperly and poorly installed by appellee, Nyce Crete Company. Appellee moved for judgment on the pleadings on the ground that appellant did not have standing to enforce the underlying contract. After argument before a court *en banc,* the motion was granted. This appeal followed.

The underlying contract was executed on October 23, 1962, and was between appellee and Paul S. Vollrath. The contract, written on appellee's stationery, was captioned "Re: Hillbrook Inc." and was addressed to Mr. Paul S. Vollrath. It was signed "Nyce Crete Company." Beneath this were the signatures of "Joseph C. Nyce, Engineer" and "J. David Nyce, Pres." In the lower left hand corner, under the statement, "Agreeed [*sic*] as contract", was Vollrath's signature; it was not accompanied by any indication of representative capacity.[2]

The construction called for by the contract was completed in October, 1964. On November 5, 1969, Paul S. Vollrath Associates, Inc., assigned all rights in the contract to appellant. Vollrath signed this statement twice, once as President of Vollrath Associates, (this signature was followed by the Secretary-Treasurer's), and again, in the lower left hand corner, under the word "Approved", as President of appellant (this signature was followed by the Assistant Secretary's). On November 10, 1969, appellant brought this action now before this court.

The difficulty, it will be observed, is that there is nothing to show that Vollrath Associates had any interest in the contract to assign to appellant; Vollrath Associates is not mentioned in the contract. It is true that the

---

2. Vollrath's signature appears in two places. In addition to signing at the bottom of the contract, he also signed a handwritten insertion in the contract.

contract is signed by Vollrath. However, there is no statement of corporate identity accompanying his signature, nor is a corporate seal affixed. *See generally, Smiler v. Toll,* 373 Pa. 127, 94 A.2d 764 (1953). The manner in which Vollrath signed the contract indicated nothing more than an intention to be bound as an individual. *Strauss and Co. v. Berman,* 297 Pa. 432, 147 A. 85 (1929). Therefore, on the face of the contract Vollrath Associates did not have any interest in it to assign to appellant. Nevertheless, appellant contends that it can maintain this action as a real party in interest.

"To be the real party in interest one must not merely have *an interest in the result of the action* but must be *in such command of the action* as to be legally entitled to give complete acquittance or discharge to the other party, upon performance." *Spires v. Hanover Fire Ins. Co.,* 364 Pa. 52, 58, 70 A.2d 828, 831 (1950) (emphasis in original) ; Pa. R. C. P. 2002; Goodrich-Amram §2002 (a)-3.

Appellant first contends that it is a real party in interest because it is a third party beneficiary to the contract.

There are three types of third party beneficiaries: donee beneficiary, creditor beneficiary, and incidental beneficiary. They are defined in the Restatement of Contracts, §133 (1932) :[3]

> "§133. Definition of Donee Beneficiary, Creditor Beneficiary, Incidental Beneficiary.
>
> > (1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is . . . . :
> >
> > > (a) a donee beneficiary if it appears from the terms of the promise in view of the

---

3. Section 133 of the Restatement of Contracts has been adopted as the law in Pennsylvania in *Keefer v. Lombardi,* 376 Pa. 367, 102 A.2d 695 (1954) ; *Commonwealth v. Great Am. Indemnity Co.,* 312 Pa. 183, 167 A. 793 (1933).

accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds;

(c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist."

In *Spires v. Hanover Fire Ins. Co., supra* at 56-57, 70 A.2d at 830 (1950), (emphasis in original) the court said: "To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear in the contract itself: *Klinger v. Wick,* 266 Pa. 1, 5, 6, 109 A. 542, 543 (1920); 17 C.J.S. 1127-1130,

§519(c) ; 12 Am. Jur. 831, 832, §280; 833, 834, §281."
[Footnotes omitted].

Appellant contends that the fact that it was identified in the caption of the contract ("Re: Hillbrook Inc.") shows that the parties intended to confer a benefit upon it. The intention of the parties must be determined from the terms of the contract and the circumstances surrounding it. *Mowrer v. Poirier & McLane Corp.*, 382 Pa. 2, 114 A.2d 88 (1955). Nothing here suggests anything more than a simple construction contract. Appellee undertook

"to manufacture and install the Omnia floor system for first and second floors of the six (6) buildings included in the referenced job.

"The extent of our work will be to install planks, blocks and topping concrete and shore the floors for fourteen days before the topping concrete is poured. We will also form around the patios and lay a piece of ⅜" (or thicker) dryfoam around the exterior of the floor."

In return, Vollrath agreed to pay, at specified intervals,

"the total price of eighty-four thousand six hundred dollars, $84,600, for 75,951 square feet. Additional area will be supplied for the price of $1.114 per square foot."

The contract, therefore, "simply purports to set up an intra-party plan." *Burke v. North Huntingdon Twp.*, 390 Pa. 588, 136 A.2d 310, (1957). As the lower court observed, the caption, "Re: Hillbrook Inc.," represented nothing more than a means of identifying "the project or jobsite. This interpretation is supported and buttressed in the first paragraph's allusion to 'the referenced job'." Appellant was, therefore, neither a donee nor a creditor beneficiary. At best, it could be considered an incidental beneficiary. However, "[a]n incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." Restatement of Contracts,

*supra,* §147, adopted in *Mowrer v. Poirier & McLane Corp., supra.*

The dissenting opinion urges us to discard the well-entrenched Pennsylvania rule that the intent to benefit the third party must "affirmatively appear in the contract itself," *Spires v. Hanover Fire Ins. Co., supra,* and advocates adoption of the more liberal view embodied in the Restatement (Second) of Contracts, §133. Sympathetic as we may be to the dissent's position, we are not free, as an intermediate appellate court, to overrule the decisional law enunciated by the Supreme Court of Pennsylvania. *Crowell Office Equipment v. Krug,* 213 Pa. Superior Ct. 261, 263, 247 A.2d 657, 658 (1968) ; *Baier v. Glen Alden Coal Co.,* 131 Pa. Superior Ct. 309, 318, 200 A. 190, 195 (1938)., *aff'd,* 332 Pa. 561, 3 A.2d 349 (1939).

*Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Pub. Corp.,* 451 Pa. 154, 161, 301 A.2d 684, 688 (1973), does not represent a retrenchment from the Pennsylvania rule. In *Line Lexington,* the lessee of a building applied for fire insurance for the benefit of the plaintiff, the owner of the building. An insurance broker, although knowing of the intent to benefit the plaintiff, failed to designate the plaintiff as the insured party. The Supreme Court held that the lower court improperly sustained the defendants' demurrer, and stated that a cause of action for reformation was properly pleaded. The court found inapposite the third party beneficiary cases denying relief to the third party, since in those cases there was no intention to confer a benefit on the third party, whereas in the case before it, the complaint alleged that although the intent to benefit was clearly present, it had not been duly embodied in the written contract of insurance.

Appellant next contends that it is the direct obligee of the contract. It bases this contention on the fact that Vollrath is president of appellant (as appears from his signature to the assignment).

"Individual officers of a corporation can bind the corporation only when they act in their official capacities as officers of such corporation and within the scope of their authority. Their acts as individuals or as officers of another corporation are not binding upon the corporation sought to be charged." *Peterson v. Marianna Borough*, 310 Pa. 524, 528, 165 A. 838, 839 (1933).

"Corporations necessarily act through agents and if one so acting is to escape personal liability for what he intends to be a corporate obligation, the limitation of his responsibility should be made to appear on the face of the instrument. Otherwise, 'the individual signature imports a personal liability: Strauss v. Berman, 297 Pa. 432, 435': *Flexlume Corp. v. Norris*, 98 Pa. Superior Ct. 530, 533-34." *Watters v. DeMilio*, 390 Pa. 155, 159, 134 A.2d 671, 674 (1957).

Consistent with these principles, appellee signed the contract in a manner showing corporate responsibility. (As mentioned above, its name is followed by the signatures of its engineer and president.) Thus, if Vollrath intended to sign as appellant's president, he had a clear model to follow. *Cf., Van Cor, Inc. v. Am. Cas. Co. of Rdg.*, 417 Pa. 408, 208 A.2d 267 (1965). Everything in the contract, however, from the inside address[4] to Vollrath's two signatures, indicated that Vollrath was to be bound as an individual; no one could tell from the contract that he was appellant's president.[5]

Appellant next contends that it can maintain the action as the assignee of Vollrath Associates. In order for the assignee of a chose in action to maintain a cause of action, it must in its pleading specifically trace the history

---

4. The inside address was:
     Mr. Paul S. Vollrath
     1 Limekiln Pike
     North Hills, Pennsylvania

5. The significance of appellant's name in the caption of the contract has been discussed *supra*.

of the assignment. *Produce Factors Corp. v. Brown,* 197 Pa. Superior Ct. 626, 179 A.2d 919 (1962); *Brown v. Esposito,* 157 Pa. Superior Ct. 147, 42 A.2d 93 (1945); Pa. R. C. P. 2002; Goodrich-Amram, §2002(a) 15.

> "When suit is brought against the defendant by a stranger to his contract, he is entitled to proof that the plaintiff is the owner of the claim against him. This protection must be afforded the defendant. Otherwise, the defendant might find himself subjected to the same liability to the original owner of the cause of action, in the event that there was no actual assignment." *Brown v. Esposito, supra* at 149, 42 A.2d at 94.

Here, appellant only alleged, in paragraph 3 of its complaint, that it

> "is the assignee of Paul S. Vollrath Associates, Inc. wherein plaintiff is authorized 'to take legal proceedings to enforce any and all rights' in regard to a contract between plaintiff's assignor, Paul S. Vollrath Associates, Inc. and the defendant. A copy of said assignment is attached hereto, made a part hereof and marked Exhibit 'B'. Within the aforementioned Exhibit 'B' is a copy of the contract between plaintiff's assignor and defendant which is referred to in the assignment as Exhibit 'A'. That contract is dated October 23, 1962."

However, as mentioned above, the contract does not appear to be "between plaintiff's assignor, Paul S. Vollrath Associates, Inc. and the defendant." Instead, it appears to be between the defendant (appellee) and Vollrath individually; and nowhere in the pleadings is it explained why Vollrath's apparently individual signature to the contract was in fact on behalf of Vollrath Associates.

It follows that appellant has not shown that it is a real party in interest. This does not, however, dispose of the case, for appellant finally contends that judgment on the pleadings should not have been entered because an amendment could have cured the defect in its complaint.

"[A] judgment on the pleadings should not be entered unless the right thereto is clear and free from doubt." *Eckborg v. Hyde-Murphy Co.,* 442 Pa. 283, 286, 276 A.2d 513, 515 (1971) ; *cf., Framlau Corp. v. Delaware Co.,* 223 Pa. Superior Ct. 272, 276, 299 A.2d 335, 337 (1972) (amendment after demurrer is sustained); Pa. R. C. P. 1033 (liberal right of amendment). However, an amendment

> "will not be allowed to the prejudice of the other party, where the statute of limitations has run, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued." *Wright v. Eureka Tempered Copper Co.,* 206 Pa. 274, 276, 55 A. 978 (1903) (collecting cases).

According to appellant's complaint, the work "between December, 1963 and October, 1964 was completed." (Para. 6 of complaint.) "Thereafter, the floors installed by defendant began to sag causing cracking of plaster walls and ceilings in 84 apartment units . . ." (Para. 7 of complaint.) By appellant's own admission, therefore, the cause of action accrued in October, 1964, so that the statute of limitations, which is six years in an action in assumpsit, has expired. Act of March 27, 1713, 1 Sm. L. 76, §1 ; 12 P.S. §31. It follows that an amendment introducing a new party may not be allowed. However,

> "[i]f the *right party* was in court as the result of service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment." *Saracina v. Cotoia,* 417 Pa. 80, 84, 208 A.2d 764, 766 (1965) (emphasis in original).

Although, as noted above, appellant failed to plead that Vollrath's signature to the contract was in fact on behalf of Vollrath Associates, which assigned the contract to appellant, perhaps there was a principal-agent relationship between Vollrath Associates and Vollrath, *Smiler v. Toll, supra; Lancaster v. Knickerbocker Ice Co.,* 153 Pa.

427, 26 A. 251 (1893) ; *see generally*, Restatement, Second, Agency §§292, 302, such as would have entitled Vollrath Associates to sue on the contract, and therefore to assign it to appellant. Here, the contract is somewhat informal, and Vollrath evidently is the president both of Vollrath Associates and of appellant. In the circumstances, the fairer course of action is to give appellant a chance to amend its complaint, if it can, to plead that Vollrath was acting on behalf of Vollrath Associates, and that therefore "the right party" is in court. We do not suggest that every plaintiff that suffers judgment on the pleadings should be allowed to amend; neither, however, should amendment never be allowed.

Reversed with a *procedendo*.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

———

DISSENTING OPINION BY CERCONE, J.:

The instant appeal arises from the granting of a judgment on the pleadings in favor of the defendant below, Nyce Crete Company. The basis for the judgment was the court's conclusion that Hillbrook, Inc. was neither a third party beneficiary nor an assignee under the contract negotiated between Paul S. Vollrath (the President of Hillbrook, Inc.) and Nyce Crete Co. Especially at this stage of the proceedings I find those conclusions wholly unwarranted and would reverse.

In October of 1963, Paul S. Vollrath entered into a contract with Nyce Crete for the installation of flooring in six apartments. All six apartments were the property of Hillbrook, Inc., the plaintiff-appellant herein, whose president was Mr. Vollrath. The letter evidencing the agreement began "Re: Hillbrook, Inc." and was typed under the letterhead of Nyce Crete Company. The letter was signed by Joseph C. Nyce and J. David Nyce as engineer and president, respectively, of Nyce Crete Company.

Paul S. Vollrath also signed the agreement without indicating any representative capacity for either Hillbrook, Inc., or Vollrath Associates, another corporation of which he was president.

Between the time of their installation and 1969, according to appellant, the floors and ceilings in the apartment complex began sagging and cracking. The defects required not only the repair of the floors and ceilings, but also necessitated the replacement of electric heating cables located in the ceilings, as well as tiling and flooring throughout the apartment complex.

On November 5, 1969, Paul S. Vollrath, as president, and Daniel Vollrath, as treasurer, executed an assignment of rights of Vollrath Associates under the agreement with Nyce Crete to "Hillbrook Apartments, Inc."[1] Subsequently appellant filed a complaint in assumpsit claiming to be both a third party beneficiary of the contract and an assignee of the contract rights of Vollrath Associates. Based solely upon the pleadings, the court below found that Hillbrook, Inc. was not a third party beneficiary (apparently because the agreement did not specifically refer to it as such), and was not an assignee of the contract (because Vollrath Associates had no cognizable interests in the agreement to assign). Based upon the current state of the record, I disagree that either of those conclusions could be properly drawn.

Long ago, our Supreme Court firmly established that one not a party to a contract may have legally enforceable rights created therein. Thus, in *Merriman v. Moore*, 90 Pa. 78, 81 (1879), the Court stated: "The right of the plaintiff to recover does not depend upon privity of contract. It is a rudimental principle that a party may sue on a promise made on sufficient consideration for his

---

1. It has been stipulated that the plaintiff's proper name is Hillbrook, Inc. and that Hillbrook Apartments, Inc. has been used interchangeably with Hillbrook, Inc.

use and benefit, though it be made to another and not to himself." See also *Hoff's Appeal*, 24 Pa. 200 (1855).

In the instant case, the question is whether the parties intended that Hillbrook, Inc. be a third party beneficiary to the contract. The principal hurdle for Hillbrook, Inc. in that regard is a line of Pennsylvania cases which the lower court strictly construed. These cases are collected, relied upon and quoted in *Van Cor, Inc. v. American Cas. Co. of Reading*, 417 Pa. 408 (1965). The leading case in this regard appears to be *Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, 56-57 (1950), wherein the Court stated the Pennsylvania rule:

> " 'To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary, but both parties to the contract must so intend and *must indicate that intention in the contract;* in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; *the obligation to the third party must be created, and must affirmatively appear, in the contract itself.'* See also Burke v. North Huntingdon Township, 390 Pa. 588 (1957); Silverman v. Food Fair Stores, 407 Pa. 507 (1962)." [Emphasis added.]

So stated, and if strictly applied, that rule seems not so much a statement of the law of third party beneficiaries, as an exposition of an archaic view of the parol evidence rule. The weight of authority agrees with so much of the rule as stated in *Spires*, and reiterated in *Van Cor*, that the third party beneficiary relationship must be within the contemplation of the promisor and the promisee at the time of contracting. That was the essence of the suggestion of Professor Corbin which was adopted in the new Restatement of Contracts, §133:

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . .

(b) *the circumstances indicate* that the promisee intends to give the beneficiary the benefit of the promised performance." [Emphasis added.]

In short, the new Restatement requires the court to ask whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him. If the answer is affirmative, the beneficiary is protected. See Murray on Contracts, §279 (Rev. ed. 1974). The real mischief in the Pennsylvania rule lies in its requirement that the intent to benefit "must be created and affirmatively appear" in the contract. If by this is meant that the precise relationship of the third party beneficiary must be literally prescribed by the contract, it is wholly out of tune with the clear weight of authority. "That a beneficiary may have rights under a contract, although he is not specifically named therein, is clear from the decided cases." Murray on Contracts, §283 at p. 576 (Rev. ed. 1974).

However, while it is true that the parties in the instant case did not delineate within the four corners of the contract the bundle of rights intended to be created therein for the benefit of Hillbrook, Inc., they did specifically state that the contract concerned Hillbrook, Inc. To bar proof that Hillbrook, Inc. was an intended beneficiary of this contract, therefore, is arbitrary and erroneous. Even the parol evidence rule in its procrustean heyday would have permitted proof of what the parties meant when they captioned their agreement "Re: Hillbrook, Inc." Certainly their intention was sufficiently open to doubt to preclude awarding a judgment on the pleadings for defendant. Judgment on the pleadings should not be entered "if there is a question of fact, or

if there remains an ambiguity whose determination is essential to the decision." 1 Goodrich-Amram §1034(a)-1 at p. 245. Rather, a judgment on the pleadings may only be entered "in clear cases and where there are no issues of fact." *Id.* at §1034(b)-1.

The error is exacerbated by the fact that the work contracted for constituted a capital improvement on the Hillbrook Apartments, certainly the chief, if not the sole, working asset of Hillbrook, Inc. In other words, performance under the contract involved a direct benefit to Hillbrook, Inc. Considering the fact that the direct obligation or direct benefit test of third party bene- ficiaries, espoused by some writers and employed in some jurisdictions, has been criticized for being too *narrow,* the error of the lower court in granting defendant's motion for judgment on the pleadings is all the more clear.[2] If under these circumstances the intent to benefit Hillbrook, Inc. did not affirmatively appear, it is diffi- cult to conceive of an agreement in which it would appear, except when the parties have chosen some talismanic form of words "creating" the relationship. If hard and fast rules concerning third party beneficiaries are un- workable,[3] the brittle rule espoused by the court below is bound to be broken in those situations where Professor Corbin has said "that refusal of a remedy would [be] out of harmony with generally prevailing ideas of justice and convenience. . . ." 4 Corbin on Contracts §772 (1951).

As might be expected, there is some indication that Pennsylvania is retreating from the rule of *Spires* and *Van Cor.* Thus, in *Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Pub. Corp.,* 451 Pa. 154, 161 (1973), the Court stated that *Van Cor* "merely affirms the rule that, in order for one to be a third party bene- ficiary, to a contract, the contracting parties must have

---

2. Murray on Contracts, §279 at pp. 570-71 (Rev. ed. 1974).

3. *Id.* at §279 at p. 571.

so intended." Conspicuously absent is a reference to any requirement that the parties' precise intention must "affirmatively appear" in the agreement. In light of the overwhelming weight of authority eschewing any requirement that the *writing* affirmatively establish the intent to benefit a third party, the lower court's entry of judgment on the pleadings for the defendant was error and should be reversed.

I also have some difficulty with the lower court's conclusion that the question of the assignment of the rights under the contract was also ripe for judgment on the pleadings. Mr. Vollrath's signature on the original contract of October, 1963, could reasonably have been in any one of the following capacities: as an individual, as president of Hillbrook, Inc., or as president of Vollrath Associates. Since Hillbrook, Inc. did not bring the suit as the promisee, there was justification for the court's concluding that, in signing the agreement, Vollrath was not acting as its president. On the other hand, there is greater reason to conclude that Vollrath signed in his capacity as president of Vollrath Associates. That would explain the subsequent assignment of Vollrath Associates' interests in the contract to Hillbrook, Inc.—it would also render valid Hillbrook, Inc.'s cause of action based upon the assignment. An undisclosed principal may sue upon a contract made by his agent for his benefit. W. Seavey, Agency, §4 (1964). Since the pleadings do not contain an averment that Vollrath acted as president of Vollrath Associates in signing the contract, the court's action in granting the defendant's motion for judgment on the pleadings on that cause of action is understandable, however.[4]

In any event, I would also reinstate the cause of action based upon the assignment without considering

---

4. In this regard it would be instructive to know who actually paid for the floors and ceilings installed under the contract.

whether the fact of Vollrath's agency could be validly inferred for the purpose of avoiding a judgment on the pleadings. "When two alternative causes are pleaded and one is sustained as sufficiently pleaded, the court will not consider, on a motion for judgment on the pleadings, the validity of the other. That question will be postponed until the trial which must necessarily take place on the valid claim." 1 Goodrich-Amram §1034(b)-1 at pp. 252-53. Since the court should have found that the cause of action based upon Hillbrook, Inc.'s being a third party beneficiary was sufficiently pleaded, it should not have reached the question of the sufficiency of the cause of action based on the assignment.

I would therefore reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

JACOBS, J., joins in this dissenting opinion.