## Cannavo v. Poplar

*Philip L. Facenda*, for plaintiff.
*Abe Lapowsky*, for defendants.

FORER, *J.*, December 8, 1978—Sebastiano Cannavo, a Philadelphia resident trading as Frank Cannavo & Son, brought this action in assumpsit to recover money allegedly due and owing him under a written agreement executed in 1973 and subsequent oral agreements. Defendants Jerry Poplar, also known as Stanley G. Poplar, and Joseph Pritta are the two sole stockholders and officers of the Greasy Spoon, Inc. Individual defendants and corporate defendant, the Greasy Spoon, trade as The Parsons Table, a restaurant located at 26 South Front Street, Philadelphia, Pa. The initial complaint filed September 8, 1975, named as defendants only Poplar and Pritta, trading as the Greasy Spoon, Inc. and The Parsons Table. Plaintiff was given leave to amend the complaint on March 2, 1976, and the amended complaint was filed May 13, 1976, adding the corporation as an additional defendant. In their answer, Poplar and Pritta denied liability to plaintiff, but the corporation admitted liability. Plaintiff's unopposed motion for summary judgment against the Greasy Spoon, Inc. was granted January 10, 1977, in the amount of $15,798.50 plus costs and interest from January 22, 1974. This case against the individuals was tried without a jury.

The context in which the dispute arose is not in issue. Plaintiff gave defendants an estimate for work to be done on the restaurant premises, and then prepared a formal contract for that work (P-1,

Ex. A). That contract, entered into on or about July 30, 1973, was captioned The Parsons Table. The contract contained the following typed statement:

"WE HAVE READ THE CONTENTS: AND DO AGREE TO ALL HERE-IN
    THE PARSONS TABLE: /s/ Stanley G. Poplar
                     /s/ Joseph Pritta
FRANK CANNAVO & SON [unsigned]"

The blank spaces opposite The Parsons Table were signed in ink by Jerry Poplar and Joseph Pritta. The validity of the signatures is not in dispute. There was no indication on the document that Poplar and Pritta were signing in any capacity other than as individuals. The name the Greasy Spoon, Inc. does not appear on the contract. The work contracted for was completed between July 30, 1973 and October 15, 1973. The total sum due to plaintiff was $25,735. Payments were made by checks issued on The Parsons Table account and signed by Stanley G. Poplar. No indication was made on the checks that defendant Poplar signed in any capacity other than as an individual.

On or about October 1, 1973, plaintiff was again called to The Parsons Table to give an estimate for work to be done to redesign the third floor of the premises. Plaintiff orally agreed to perform the additional work and defendants orally agreed to pay additional compensation in the amount of $8,400 (P-1, Ex. B). This work was furnished between October 1, 1973 and November 15, 1973. Between February 28, 1974 and January 22, 1974, plaintiff supplied further labor and materials to defendants for which $1,348.50 is due and owing (P-1, Ex. C). The parties have stipulated that the above sums are in fact due for the work done on the premises.

It is undisputed that the fictitious name The Parsons Table was registered on November 2, 1970, in compliance with the Fictitious Corporate Name Act of July 11, 1957, P.L. 783, 15 P.S. §51. The Greasy Spoon, Inc. is listed in the registration forms as the owner of The Parsons Table.

Poplar and Pritta[1] aver that they signed the contract in their capacity as officers and agents for the corporation and they deny that they, as individuals, ever entered into a contract with plaintiff or requested plaintiff to perform any work for them personally. The corporate defendant admits liability on all three counts.

## DISCUSSION

The major issue in this case is whether Jerry Poplar and Joseph Pritta, by executing the above contract and subsequent oral agreements, became individually obligated to plaintiff for the sum due and owing under the contract. Under Pennsylvania law it is well established that individual officers of a corporation can bind that corporation only when they act within the scope of their authority and in their official capacities as officers. There is no question that defendants were acting within the scope of their authority to bind the corporation. The law is equally well settled that when an agent or an officer of a corporation wants to escape personal liability for corporate obligations, "the limitation of

---

1. Defendant Pritta did not appear in court. Apparently his whereabouts is unknown.

his responsibility should be made to appear on the face of the instrument. Otherwise, 'the individual signature imports a personal liability'."[2] Hillbrook Apartments, Inc. v. Nyce Crete Co., 237 Pa. Superior Ct. 565, 574, 352 A. 2d 148 (1975), and cases cited therein. The written contract fails to disclose the name the Greasy Spoon, Inc. or any identification of any corporation. Clearly, it is impossible to tell from the contract itself that Poplar and Pritta were corporate officers. Had they intended to sign in an official capacity, they could have done so. See Hillbrook, supra, at 574.[3]

When there is ambiguity as to whether a signature was affixed in an individual or representative capacity and the litigation is between the original parties to the instrument, parol evidence is admissible to show the facts and circumstances attend-

---

2. Additionally, the fact that Re: Hillbrook, Inc. was written in the caption of the contract was discounted in the Hillbrook case, because it served merely to identify the job site. Id. at 572.

3. Counsel for defendant cites Strauss & Co. v. Berman, 297 Pa. 432, 147 Atl. 85 (1929), which in precise accord with the Hillbrook holding. In Strauss, a corporation president wrote his signature after the word "accepted" and above that he wrote the corporate name. The court held that the mere writing of the corporate name did not make the contract one of the corporation, that is, writing one's official title in a corporation and writing the corporate name on the agreement are insufficient by themselves to raise the presumption that the signature is for a corporate principal: Elkay Mfg. Co. v. Chasco Supply Co., 219 Pa. Superior Ct. 530, 533, 281 A. 2d 765 (1971); Flexlume Corp. v. Norris, 98 Pa. Superior Ct. 530 (1930).

ing its execution in order to resolve the question of the intention of the parties at the time of contracting: Trenton Trust Co. v. Klausman, 222 Pa. Superior Ct. 400, 403, 296 A. 2d 275 (1972); Dormont Sav. & Tr. Co. v. Kommer, 338 Pa. 548, 553, 13 A. 2d 525, 527 (1940). See also Watters v. De-Milio, 390 Pa. 155, 159, 134 A. 2d 671 (1957); Elkay Mfg. Co. v. Chasco Supply Co., 219 Pa. Superior Ct. 530, 533, 281 A. 2d 765 (1971). All the evidence presented at trial concerning the series of events leading up to the embodiment of the agreement in contract form indicates that defendants acted individually. Plaintiff was never told that The Parsons Table was a corporation or that Pritta and Poplar were officers of a corporation. Defendants now contend that because the name The Parsons Table was registered under the Fictitious Corporate Name Act, supra, plaintiff could have ascertained the corporate ownership of The Parsons Table. Plaintiff testified in substance that at some point after the contract was signed and much of the work completed, he noticed a certificate of incorporation of the Greasy Spoon, Inc. in defendants' office and inquired about it. He was told by Poplar and/or Pritta, *"That was us."* Defendant Poplar's testimony was somewhat evasive. The court finds that defendants never informed plaintiff that he was dealing with a corporation instead of two individuals trading under a fictitious name and, therefore, effectively discouraged any further inquiry.

Although the formal registration of the fictitious name is generally held to put an individual on constructive notice of the nature of the person or business with whom it contracted: Ulick v. Vibration Specialty Co., 348 Pa. 241, 243, 35 A. 2d 332, 333

(1944), the constructive notice doctrine is not intended to exculpate defendants who consciously attempt to deceive an innocent creditor as to the nature of the business entity with whom he contracted. The clear purpose of the Fictitious Corporate Name Act, supra, is to protect those who give credit in reliance on the assumed or fictitious name, not to relieve debtors from their honest obligations: Houser v. Childs, 129 Pa. Superior Ct. 565, 196 Atl. 547 (1938); Lamb v. Condon, 276 Pa. 544, 120 Atl. 546 (1923); Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390 (1921). The court should not search for technicalities which could defeat the collection of an undisputed indebtedness. Rome S.&S. Station v. Finch, 111 Pa. Superior Ct. 226, 228, 169 Atl. 476 (1933).

When signed, the agreement in the case at bar was clearly intended to be the individual liability of the makers and was accepted as such by plaintiff, who never intended to deal with a corporation. Because the required evidence was not presented, this court must conclude that the signatures standing alone are insufficient to indicate that defendants signed in other than their individual capacities.

Defendants additionally contend that for Poplar and Pritta to be held personally liable, the Statute of Frauds of April 26, 1855, P.L. 308, sec. 1, 33 P.S. §3, would require that a written guaranty be first obtained from them. This argument is without merit because it is undisputed that defendants individually signed the agreement, and did not indicate that they were signing on behalf of the corporation.

Summary judgment has already been entered against the Greasy Spoon, Inc. The court finds that the individual defendants are jointly liable for the

entire debt and also jointly liable with the corporation.[4]

The court enters the following

## FINDINGS OF FACT

1. Plaintiff is a Philadelphia resident trading as Frank Cannavo & Son.

2. Jerry Poplar and Joseph Pritta are the sole stockholders of the Greasy Spoon, Inc., trading as The Parsons Table.

3. Jerry Poplar and Joseph Pritta contracted with plaintiff on three separate occasions for plaintiff to supply labor and materials to The Parsons Table.

4. Poplar and Pritta signed the written document (P-1, Ex. A) in their capacities as individuals, and not as agents of the corporate defendant.

5. A total sum of $15,798.50 is due and owing to plaintiff on these agreements.

This court enters the following

## CONCLUSIONS OF LAW

1. The signatures of Poplar and Pritta standing alone on the written document are insufficient to indicate that they signed the contract in other than their individual capacities.

2. Poplar and Pritta are jointly and severally liable to plaintiff in the sum of $15,798.50, due and owing from the written contracts for work admittedly performed.

3. The Statute of Frauds is inapplicable.

---

4. Defendant Poplar is free to take whatever action is available to him to attempt to obtain contribution from Pritta and the corporation.

4. Registration under the Fictitious Corporate Name Act does not relieve defendants of liability.

Wherefore this court enters the following

## ORDER

And now, December 8, 1978, the court enters judgment for Sebastiano Cannavo and against Jerry Poplar and Joseph Pritta jointly and severally in the amount of $15,798.50 plus interest from January 24, 1974.