Gazi ABDULHAY, M.D.; Gynecologic Oncology Associates of Lehigh Valley, Inc., trading as Lehigh Valley Women's Cancer Center; Abdulhay Associates, L.P.; and Bethlehem Ambulatory Surgery Center, LLC, Plaintiffs

v.

BETHLEHEM MEDICAL ARTS, L.P.; Bethlehem Medical Arts, LLC; Kevin T. Fogarty, M.D., Individually and as Managing Director of Bethlehem Medical Arts, L.P., and as President of Bethlehem Medical Arts, LLC; Roth Marz Partnership, P.C.; Mark R. Thompson, Individually and as Vice President of Roth Marz Partnership, P.C. Defendants

No. 03–CV–04347.

United States District Court, E.D. Pennsylvania.

March 31, 2006.

Joan R. Sheak, and Stephen A. Mallozi, Allentown, PA, On behalf of Plaintiffs.

Maura E. Fay, Philadelphia, PA, On behalf of Defendants, Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC, and Kevin T. Fogarty, M.D.

Richard A. O'Halloran, On behalf of Defendants, Roth Marz Partnership, P.C. and Mark R. Thompson.

## OPINION

GARDNER, District Judge.

This matter is before the court on two motions for summary judgment, which were filed by two sets of defendants, referred to collectively as the "Bethlehem Defendants" and the "Roth Marz Defendants". Specifically, we have before us the Motion for Summary Judgment of Defendants Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty, M.D., which motion was filed April 29, 2005.[1] We also have before us the Motion for Summary Judgment and Brief in Support of Defendants Roth Marz Partnership, P.C. and Mark R. Thompson which was filed on April 29, 2005.[2]

---

1. Plaintiffs' Brief in Opposition to Motion for Summary Judgment of Defendants Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty was filed May 16, 2005.

2. Plaintiffs' Brief in Response and Opposition to the Motion for Summary Judgment Filed by Defendants Roth Marz, P.C. and Mark R. Thompson was filed on May 16, 2005.

For the reasons expressed below, we grant the Bethlehem Defendants' motion for summary judgment in part and we deny the Roth Marz Defendants' motion for summary judgment. Specifically, we grant the Bethlehem Defendants' motion insofar as we dismiss from Count Five of plaintiffs' Amended Complaint plaintiffs' averment that Bethlehem Medical Arts, L.P. breached sections 7.3.4, 8.3 or 26 of its lease with Abdulhay Associates, L.P.[3]

In addition, we dismiss all claims of plaintiff Gazi Abdulhay, M.D., and all claims against defendants Bethlehem Medical Arts, LLC and Kevin T. Fogarty, M.D., from Count Six of plaintiffs' Amended Complaint. Also, we dismiss the averments of plaintiffs Lehigh Valley Women's Cancer Center and Bethlehem Ambulatory Surgery Center, LLC that defendant Bethlehem Medical Arts, L.P. breached sections 7.3.4, 8.3 or 26 of its lease with them, from Count Six of plaintiffs' Amended Complaint.

In all other respects, the Bethlehem Defendants' motion for summary judgment is denied.

## JURISDICTION

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, in four counts of the Complaint, plaintiffs allege violations of 42 U.S.C. §§ 1981, 1982 and 1985(3), which give rise to federal question jurisdiction. The court has supplemental jurisdiction over plaintiffs' pendent state-law claims. See 28 U.S.C. § 1367. As discussed below, plaintiffs' state-law claims are composed of both contract and tort claims.

## VENUE

Venue is proper in the United States District Court for the Eastern District of Pennsylvania because the events and omissions giving rise plaintiffs' claims allegedly occurred within this district in Northampton County, Pennsylvania. See 28 U.S.C. §§ 118, 1391(b).

## FACTS

Based upon the record produced by the parties in support of their motions for summary judgment, including depositions, affidavits and exhibits, the following are the pertinent undisputed facts.

The matter before the court is a dispute over an agreement between the parties to design and construct medical offices in space leased by plaintiffs in a medical office building owned and managed by defendants.

Plaintiff Gazi Abdulhay, M.D. is a physician and surgeon with a specialty in gynecological oncology. He is President of plaintiff Gynecologic Oncology Associates of Lehigh Valley, Inc., trading as Lehigh Valley Women's Cancer Center ("Women's Center"). Dr. Abdulhay is also the President and Managing Partner of plaintiff Bethlehem Ambulatory Surgery Center, LLC ("Surgical Center") and the General Partner of plaintiff Abdulhay Associates, L.P.

Plaintiff Abdulhay Associates, L.P. ("Abdulhay Associates") was formed for the purpose of leasing space in a medical office building in Bethlehem, Northampton County, Pennsylvania, owned by defendant Bethlehem Medical Arts, L.P. ("Medical Arts") and managed by defendants Bethlehem Medical Arts, LLC ("Medical Arts, LLC") and Kevin T. Fogarty, M.D. (collectively the "Bethlehem Defendants"). Abdulhay Associates leased unfinished shell space in the building.

Plaintiffs hired an architectural firm, defendant Roth Marz Partnership, P.C., to design fit-out plans for the leased premises as medical offices and as an ambulatory

---

**3.** Section 7.3.4 of the lease includes subsections 7.3.4.1 through 7.3.4.5.

surgery center to expand Dr. Abdulhay's medical practice and to expand the Women's Center. At all material times defendant Mark R. Thompson was employed as Vice President of defendant Roth Marz Partnership, P.C. (collectively the "Roth Marz Defendants").

### Plaintiffs' Amended Complaint

Plaintiffs filed their original ten-count Complaint on July 25, 2003. In four counts of the Complaint, plaintiffs alleged violations 42 U.S.C. §§ 1981, 1982 and 1985(3), which give rise to federal question jurisdiction. In six counts plaintiffs raised pendent state-law claims.

On August 20, 2003 the Bethlehem Defendants filed a motion to dismiss the Complaint. On September 10, 2003 the Roth Marz Defendants also filed a motion to dismiss plaintiffs' Complaint. On March 29, 2004, we entered an Order and Opinion granting in part and denying in part defendants' motions to dismiss.

On April 19, 2004 plaintiffs filed a 12–count Amended Complaint containing both federal civil rights claims and pendent state claims. In Counts One through Four,[4] plaintiffs claim that defendants violated the civil rights of Dr. Abdulhay as an Arab–American of Turkish and Syrian descent, by treating him and his medical corporation differently than white tenants and occupants. The remaining counts are pendent state claims.

Counts Five through Seven allege breaches of contracts.[5] Count Eight is a negligence claim alleging architectural malpractice against defendant Roth Marz Partnership, P.C. Specifically, plaintiffs allege that Roth Marz owed a duty of care to the Women's Center and to the Surgical Center. Plaintiffs contend that Roth Marz breached that duty by providing plans and drawings for the project which fell below acceptable standards of the architectural profession.[6] Count Eight was raised for the first time in the Amended Complaint.

Count Nine alleges defamation. Counts Ten and Eleven allege intentional interference with the contract. Finally, Count Twelve alleges civil conspiracy.

### STANDARD OF REVIEW

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202, 211 (1986); *Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company*, 316 F.3d 431, 443 (3d Cir.2003). Only facts that may affect the outcome of a case are "material". Moreover, all reasonable inferences from the record are drawn in favor of the non-movant. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant

---

**4.** Counts One and Two are brought pursuant to 42 U.S.C. § 1981. Count Three is brought pursuant to 42 U.S.C. § 1982. Count Four is brought pursuant to 42 U.S.C. § 1985(3).

**5.** The breach of contract claim alleged in Count Six of the Amended Complaint was not included in the original Complaint.

**6.** Count Eight of the Amended Complaint, alleging professional negligence, is brought by plaintiffs Gynecologic Oncology Associates of Lehigh Valley, Inc., trading as Lehigh Valley Women's Cancer Center and Bethlehem Ambulatory Surgery Center, LLC (and not by plaintiffs Gazi Abdulhay, M.D. or Abdulhay Associates, L.P.) against defendant Roth Marz Partnership, P.C., only.

must then establish the existence of each element on which it bears the burden of proof. *See Watson v. Eastman Kodak Company*, 235 F.3d 851, 857–858 (3d Cir. 2000). Plaintiffs cannot avert summary judgment with speculation or by resting on the allegations in their pleadings, but rather must present competent evidence from which a jury could reasonably find in their favor. *Ridgewood Board of Education v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999); *Woods v. Bentsen*, 889 F.Supp. 179, 184 (E.D.Pa.1995). When the outcome of a case will depend upon credibility determinations or state of mind, summary judgment is inappropriate. *Coolspring Stone Supply, Inc. v. American States Life Insurance Company*, 10 F.3d 144, 148 (3d Cir.1993).

### DISCUSSION

Between the defendants' two motions for summary judgment, the two groups of moving defendants seek summary judgment on all counts of plaintiffs' Amended Complaint. For the reasons articulated below, we grant in part and deny in part defendants' motions for summary judgment.

Having reviewed the motions for summary judgment, together with the record, we conclude that there are genuine issues of material fact which preclude the entry of summary judgment regarding ten of the counts in plaintiffs' Amended Complaint. Because of issue preclusion (collateral estoppel), we enter partial summary judgment on the two remaining counts.

*Bethlehem Defendants' Motion
for Summary Judgment*

#### Genuine Issues of Material Fact

A review of the record in the light most favorable to plaintiffs, as the non-moving party, reveals that there are genuine disputes concerning material issues of fact which preclude entry of summary judgment on behalf of the Bethlehem Defendants regarding Counts One, Three, Four, Eleven and Twelve of plaintiffs' Amended Complaint. The specific material factual disputes are enumerated below.

■ Regarding Count One, the material factual disputes include, but are not limited to: (1) whether defendants intended to discriminate on the basis of race; and (2) whether defendants acted in a discriminatory manner concerning plaintiffs' rights to make and enforce contracts. Both of these issues are material disputes relating to plaintiffs' claims of discrimination in violation of 42 U.S.C. § 1981. Thus, we deny defendants' motion for summary judgment on these claims.

■ Regarding Count Three, the material factual disputes include, but are not limited to: (1) whether defendants intended to discriminate on the basis of race; and (2) whether defendants acted in a discriminatory manner concerning plaintiffs' rights to possession of the leased premises. Both of these issues are material disputes related to plaintiffs' claims for discrimination under 42 U.S.C. § 1982. Thus, we deny defendants' motion for summary judgment on these claims.

■ Regarding Count Four, the material factual disputes include, but are not limited to: (1) whether defendants conspired to deprive plaintiffs of their rights; (2) whether defendants' actions were motivated by discriminatory animus; (3) whether defendants acted in furtherance of any conspiracy; and (4) whether plaintiffs were injured by any such conspiracy. All of these issues are material disputes relating to plaintiffs' claims under 42 U.S.C. § 1985(3). Thus, we deny defendants' motion for summary judgment on these claims.

■ Regarding Count Eleven, the material factual disputes include, but are not limited to: (1) whether defendants intend-

ed to interfere with plaintiff's contract to have Serfass Construction fit out the premises; and (2) whether defendants interfered with plaintiffs contractual right to fit out the premises. Both of these issues are material disputes to plaintiffs' claims for discrimination under intentional interference with contract. Thus, we deny defendants' motion for summary judgment on these claims.

■ Regarding Count Twelve, the material factual disputes include, but are not limited to: (1) whether defendants intended to discriminate on the basis of race; and (2) whether defendants acted in a discriminatory manner concerning plaintiffs' rights to make and enforce contracts. Both of these issues are material disputes to plaintiffs' claims for civil conspiracy. Thus, we deny defendants' motion for summary judgment on these claims.

### Effect of the State–Court Decision

Count Five of plaintiffs' Amended Complaint avers a state-law cause of action by plaintiff Abdulhay Associates against defendant Medical Arts for breach of contract.

Defendants contend in their brief, and contended at oral argument, that plaintiffs previously raised in a prior state civil action, the contractual issues which are now before this court. Implicitly in defendants' brief and explicitly at oral argument, defendants argued that res judicata and collateral estoppel, also known as claim and issue preclusion, bar plaintiff's claim. In other words, defendants assert that plaintiff Abdulhay Associates is precluded from asserting a breach of contract claim.

Specifically, defendants point out that, in plaintiffs' Amended Complaint, plaintiffs state that defendant Bethlehem Medical Arts, L.P., breached sections 7.3.4, 7.3.4.1, 7.3.4.4, 7.6, 7.8, 7.9, 8.3, 10.2 and 26 of its lease with Abdulhay Associates, as well as its duty of good faith and fair dealing. More particularly, defendants assert that Abdulhay Associates in its Answer to a state-court Complaint, asserted in New Matter that defendants breached sections 7.3.4, 7.3.4.1, 7.3.4.4, 7.6, 7.8, 7.9, 8.3, 10.2 and 26 of the lease and also acted in bad faith.

Further, in defendants' brief, defendants assert that in the state civil action number C–0048–CV–2003–004623,[7] by Order dated April 22, 2005, the Honorable Leonard N. Zito of the Court of Common Pleas of Northampton County, Pennsylvania, ruled and entered final judgment on the above matter.[8] Although defendants cite no authority for their argument that res judicata and collateral estoppel apply, except for the full faith and credit clause, we will analyze their argument.

In their response, plaintiffs do not expressly rebut defendants' res judicata or collateral estoppel contentions. Nevertheless, during oral argument, plaintiffs asserted first, that paragraph 12 of the Northampton County Order dated April 22, 2005 was not essential to the judgment previously entered in the state civil action; and second, that plaintiffs (as defendants in the state-court action) never filed a counterclaim in the state-court action because they requested no monetary damages in Northampton County. For the reasons discussed below, we agree in part with defendants that collateral estoppel ap-

---

7. We note that, in many of the exhibits attached to plaintiffs' and defendants' filings, different action numbers appear. We, however, use this action number because it is the action number on Judge Zito's April 22, 2005 Order, which the Bethlehem Defendants ar-

gue necessitates res judicata and collateral estoppel.

8. *See* Conclusions as to Parties at paragraph 12 of the April 22, 2005 Order.

plies to certain claims and in part with plaintiffs that res judicata does not apply.

When determining the preclusive effect of a state-court judgment, the United States Supreme Court has interpreted the "full faith and credit clause" contained in 28 U.S.C. § 1738 to require a federal court to apply the preclusion law of the State in which judgment was rendered. *McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270, 276 (3d Cir.1989). Because this judgment was rendered in Pennsylvania, we apply Pennsylvania law.

■ Pennsylvania law requires four elements to be identical between two actions in order to invoke the doctrine res judicata. Specifically, the two actions must share an identity of: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued. *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062 (3d Cir.1991); *McNasby, supra.*

■ Further, there is no bright-line test for determining whether the causes of action in two suits are identical for res judicata purposes. *O'Leary*, 923 F.2d at 1065. Nevertheless, courts have identified several criteria relevant to making such a determination.

■ The criteria are: (1) whether the acts complained of and the demand for relief are the same, that is, whether the wrong for which redress is sought is the same in both actions; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same, that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first; and (4) whether the material facts are the same. *O'Leary, supra.*

■ Additionally, Pennsylvania law, which adopts the requirements of the Restatement (Second) of Judgments, recognizes the preclusive effect of collateral estoppel. *O'Leary, supra.* Further, Pennsylvania law maintains that a prior determination of a legal issue is conclusive in a subsequent action where the following five elements are met: (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a valid, final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action; and (5) the determination in the prior proceeding was essential to the judgment. *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989); *Rue v. K–Mart Corporation*, 552 Pa. 13, 17, 713 A.2d 82, 84 (1998).

■ A judgment is valid when it has been rendered by a court of competent jurisdiction and when the party against whom judgment is rendered either has submitted to the jurisdiction of the court or has been afforded adequate notice. Although the parties may have unexhausted avenues of direct appeal in state court, this does not undermine the finality of the judgment for the purpose of collateral estoppel. *O'Leary*, 923 F.2d at 1066, n. 6. "An issue is actually litigated when it is properly raised by the pleadings or otherwise, and is submitted for determination, and it is determined." *O'Leary*, 923 F.2d at 1066, (*quoting Restatement (Second) of Judgments*, § 27, comment d, at 255 (1982)).

Having reviewed plaintiff Abdulhay Associates's Answer and New Matter in the state action and having reviewed Judge Zito's April 22, 2005 Order, we find that res judicata does not apply. Nevertheless,

for the reasons articulated below, we find that collateral estoppel does apply to plaintiffs' claim of breach of contract for sections 7.3.4, 8.3 and 26. We note that sections 7.3.4 includes subsections 7.3.4.1 through 7.3.4.5. Accordingly, we find that there is no collateral estoppel with respect to good faith or sections 7.6, 7.8, 7.9, or 10.2.

▮ Regarding the doctrine of res judicata, we find that it does not apply because the state action was not based on the same cause of action as the within matter. Specifically, the state action was brought by Medical Arts against Abdulhay Associates for a declaratory judgment and breach of contract. Although in the New Matter section of its Answer and New Matter to Complaint, Abdulhay Associates raised the issue of whether Medical Arts breached its contract, Abdulhay Associates did not ask for money damages.

As Judge Zito articulated in Paragraph 12 of his April 22, 2005 Order, Abdulhay Associates "did not file a counterclaim for money damages and equity does not support relief beyond that already afforded." In other words, although the acts complained of were the same, the relief sought was not. Therefore, res judicata does not apply. *O'Leary, supra.*

▮ Although we find that res judicata does not apply, we nonetheless find that Abdulhay Associates is collaterally estopped from asserting a breach of contract claim for sections 7.3.4, 8.3 or 26 of the lease because, in paragraph 12 of Judge Zito's April 22, 2005 Order, he ruled on those sections of the lease between Medi-

cal Arts and Abdulhay Associates. Further, in paragraph 13 of that Order, Judge Zito recognized that, although more issues had been raised earlier, those other issues had not been actually argued. Accordingly, we dismiss, from Count Five of plaintiff's Amended Complaint, plaintiffs' averment that Medical Arts breached sections 7.3.4, 8.3 or 26 of its lease with Abdulhay Associates.

We conclude that, with regard to sections 7.3.4, 8.3 or 26, all of the elements necessary for collateral estoppel exist. We find that the issue presented in this litigation is identical to that in the state-court proceeding because the pleadings in both actions assert that Medical Arts breached sections 7.3.4, 7.3.4.1, 7.3.4.4, 7.6, 7.8, 7.9, 8.3, 10.2 and 26 of the lease and acted in bad faith. Moreover, the issue was actually litigated because Abdulhay Associates raised the issues in its Northampton County pleadings, Judge Zito's Order states that Abdulhay Associates, L.P. raised those issues, and Judge Zito ruled on the whether Medical Arts breached those sections of the lease.

Further, the parties in the present action are identical to the parties in the state-court action. Namely, in the state-court action Bethlehem Medical Arts, L.P. brought suit against Abdulhay Associates, L.P. Here, the configuration is reversed.

Judge Zito's determination appears to be a valid, final judgment because both the Bethlehem Defendants and the plaintiffs have moved to preclude one another from relitigating issues already determined within Judge Zito's April 22, 2005 Order.[9]

9. On June 20, 2005 Plaintiffs' Motion in Limine was filed. Plaintiffs' motion seeks, among other things, the application of collateral estoppel. *See* page 4 of Plaintiffs' Brief in Support of Motion in Limine.

On October 17, 2005 the Bethlehem Defendants filed a Motion to Supplement Affirmative Defenses. That motion seeks to amend

the Answer and Affirmative Defenses of Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty, M.D. to Plaintiffs' Amended Complaint and add both res judicata and collateral estoppel as affirmative defenses. We will address plaintiffs' and defendants' motions in separate Orders.

Further, neither party has contested the jurisdiction or competence of the court, and we do not find any other reason why the judgment would not be valid.

Additionally, the judgment appears to be final because Judge Zito has made conclusions as to fact, law and the parties. Further, we note that judgment was entered on September 14, 2005 and the case is on appeal.[10]

Finally, we find that the determinations of paragraph 12 of Judge Zito's April 22, 2005 Order were essential to the judgment entered on September 14, 2005 in the state-court action. We find that the determinations were final because, if Judge Zito had not determined those issues, he would have been unable to address the issues raised by Abdulhay in the New Matter section of its Answer, that is, whether Medical Arts breached the lease.

Notwithstanding Judge Zito's determinations in paragraph 12, Judge Zito did not address sections 7.6, 7.8, 7.9 or 10.2 of the lease.

 A review of the record in this matter, in the light most favorable to plaintiffs as the non-moving party, reveals that there are genuine disputes concerning material issues of fact with regard to sections 7.6, 7.8, 7.9 and 10.2 of the lease and regarding whether there was breach of good faith of the lease. These material factual disputes preclude entry of summary judgment on behalf of defendants. One such disputed fact is whether defendants unreasonably deprived plaintiffs' contractor access to the premises. This dispute is material to plaintiffs' claim for breach of contract. Thus, we deny defen-

dants' motion for summary judgment on this claim.

Count Six of plaintiffs' Amended Complaint avers a state-law cause of action by plaintiffs Gazi Abdulhay, M.D., the Women's Center and the Surgical Center against the Bethlehem Defendants for breach of contract.

Defendants argue that there is no contract between plaintiffs and defendants. Moreover, defendants claim that, to the extent that the contract rights alleged by plaintiff are derivative of Abdulhay Associates's contract rights, the state court findings should be barred by res judicata or collateral estoppel and should be dispositive of the issue.

Further, defendants claim that plaintiffs cannot claim a derivative contract right because the disputed lease contains a clause that prevents third-party beneficiary rights from arising. Lastly, defendants claim that the resolution enacted by Medical Arts on March 28, 2001 cannot be construed to create a sublease between plaintiffs and Abdulhay Associates, L.P. because the resolution does not satisfy the Statute of Frauds. Act of March 21, 1772, 1 Sm.L. 389, § 1; 33 P.S. § 1.

Plaintiffs argue that there was either a contract between plaintiffs Gazi Abdulhay, M.D., the Women's Center and the Surgical Center and the Bethlehem Defendants, or that the plaintiffs were third-party beneficiaries to the contract between Abdulhay Associates and Medical Arts. In the alternative, plaintiffs cite portions of the record, which they claim establishes a contract between these plaintiffs and defendants.

---

**10.** Although no party expressly identified the date of entry of judgment either in their brief or at argument, plaintiffs did assert that the case was on appeal. Further, we note that in the Memorandum of Law in Support of Mo-

tion to Supplement Affirmative Defenses, the Bethlehem Defendants assert that September 14, 2005 was the date of the entry of the judgment.

Further, plaintiffs address the issues of res judicata and collateral estoppel. Specifically, plaintiffs aver that these claims are brought by parties who were not parties to the state-court action and therefore res judicata and collateral estoppel do not apply. Plaintiffs have not addressed the statute-of-frauds argument.

■■■ Under Pennsylvania law, a lease is a contract. *Mace v. Atlantic Refining & Marketing Corp.*, 567 Pa. 71, 80, 785 A.2d 491, 496 (2001). In order to maintain an action for a breach of contract, three elements must exist: (1) the existence of a contract, including the essential terms; (2) a breach of duty imposed by the contract; and (3) damages. *Williams v. Nationwide Mutual Insurance Company*, 750 A.2d 881 (Pa.Super.2000). A contract requires an offer, acceptance and consideration. *See Fleming v. CNA Insurance Company*, 52 F.Supp.2d 499, 502 (E.D.Pa. 1999).

■■■ Contracts can give rise to enforceable rights to parties other than the promisor and promisee, for example, third-party beneficiaries. There are three kinds of third-party beneficiary: donee beneficiary, creditor beneficiary and incidental beneficiary. *Hillbrook Apartments v. Nyce Crete Company*, 237 Pa.Super. 565, 570–571, 352 A.2d 148, 151–152 (1975).

■■■ A creditor beneficiary is a person who the contract will benefit other than the promisee and

> no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of

> Limitations ... or which is unenforceable because of the Statute of Frauds....

*Hillbrook Apartments*, 237 Pa.Super. at 570–571, 352 A.2d at 151–152.

■■■ For a third-party beneficiary to be entitled to recover on a contract, both parties to the contract must intend to confer a right on a third party and indicate that intention in the contract. *Hillbrook Apartments, supra.*

> Privity is not necessary; the third party need not be a "promisee", nor need he give consideration. The third party has an enforceable right if the surety promises in the bond, either in express words or by reasonable implication, to pay money to him....In this class of cases it is sound policy to interpret the words liberally in favor of the third parties.

*Philadelphia v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co.*, 42 Pa.D. & C. 674, 678 (Northampton County 1941).

■■■ With regard to the Statute of Frauds argument, Pennsylvania law requires generally that leases of three years or more be in writing. 33 P.S. § 1. Nevertheless, the Statute of Frauds defense is not available to third parties where there is no privity of contract. *Huss v. Smith*, 150 F.Supp. 224, 237, n. 24 (E.D.Pa.1957).

Even taken in the light most favorable to plaintiffs, the facts do not evidence a contract between plaintiffs Gazi Abdulhay, M.D., the Women's Center and the Surgical Center and defendants.[11] Instead, those facts along with plaintiffs's exhibits 19 and 20, establish genuine disputes concerning material issues of fact with regard to whether plaintiffs Women's Center and Surgical Center were third-party beneficiaries to Abdulhay Associates, L.P.'s con-

---

**11.** Plaintiffs' Brief in Opposition to Motion for Summary Judgment of Defendants Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty at page 4, footnote 1.

tract with Medical Arts only (not Medical Arts, LLC or Dr. Fogarty).

■ Accordingly, at trial the jury may determine that plaintiffs Women's Center and Surgical Center are third-party beneficiaries to the contract between Abdulhay Associates and Medical Arts. Thus, while the Women's Center and the Surgical Center would be in privity of contract with Abdulhay Associates, the Women's Center and the Surgical Center would not be in privity of contract with defendant Medical Arts. Therefore, none of the defendants would have standing to assert the statute of frauds defense.

■ With regard to res judicata and collateral estoppel issues, we find that res judicata does not apply. However, we conclude that collateral estoppel applies to the same extent discussed above. Specifically, based upon Judge Zito's decision, plaintiffs are collaterally estopped from asserting breach of contract regarding the sections 7.3.4, 8.3, and 26 of lease.

■ As discussed above, the issues presented in this case are identical; the prior action was a valid, final judgment on the merits; should the jury conclude these parties were subleasees, there would be privity of contract between Abdulhay Associates and these plaintiffs, but not between these plaintiffs and the defendants; the plaintiffs had a full and fair opportunity to litigate because plaintiffs assert that Gazi Abdulhay, M.D. managed Abdulhay Associates, the Women's Center and the Surgical Center; and the determination of paragraph 12 of Judge Zito's April 22, 2005 Order was essential to the judgment entered in Northampton County on September 14, 2005. Further, we note that, in Gazi Abdulhay's position as President and Managing Partner of Abdulhay Associates, he was well aware of the litigation between Medical Arts and Abdulhay Associates. Therefore, plaintiffs are collaterally es-

topped to the same extent as Abdulhay Associates, as stated above.

Accordingly, we dismiss defendants Medical Arts, LLC and Kevin T. Fogarty, M.D., as well as plaintiff Gazi Abdulhay, M.D. from Count Six of plaintiffs' Amended Complaint. Additionally, we dismiss the averments of plaintiffs Women's Center and Surgical Center that defendant Medical Arts breached sections 7.3.4, 8.3, and 26 of its lease with them, from Count Six.

■ Notwithstanding our above determinations, a review of the record in this matter, in the light most favorable to plaintiffs as the non-moving party reveals that there are genuine disputes concerning material issues of fact, which preclude entry of summary judgment on behalf of defendants. The material factual disputes include, but are not limited to, whether Medical Arts recognized the Women's Center and the Surgical Center as subleases and consequently Medical Arts and Abdulhay Associates amended their contract. These factual disputes are material to plaintiffs' remaining breach of contract claim. Thus, we deny defendants' motion for summary judgment on these claims.

### Roth Marz Defendants' Motion for Summary Judgment

A review of the record, in the light most favorable to plaintiffs as the non-moving party, reveals that there are genuine disputes concerning material issues of fact which preclude entry of summary judgment on behalf of the Roth Marz Defendants regarding Counts Two, Four, Seven, Eight, Nine, Ten and Twelve of plaintiffs' Amended Complaint.

■ Regarding Count Two of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether defendants provided

different architectural services to clients who did not have the same race or ancestry as Gazi Abdulhay; (2) whether defendants disclosed the fee dispute because of plaintiffs' race or ancestry; and (3) whether defendants intended to discriminate on the basis of race or ancestry. All of these issues are material disputes relating to plaintiffs' claims of discrimination in violation of 42 U.S.C. § 1981. Thus, we deny defendants' motion for summary judgment on these claims.

■ Regarding Count Four of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether defendants conspired to deprive plaintiffs of their rights; (2) whether defendants' actions were motivated by discriminatory animus; (3) whether defendants acted in furtherance of any conspiracy; and (4) whether plaintiffs were injured by any such conspiracy. All of these issues are material disputes relating to plaintiffs' claims of discrimination in violation of 42 U.S.C. § 1985(3). Thus, we deny defendants' motion for summary judgment on these claims.

■ Regarding Count Seven of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether defendants materially breached their contract by failing deliver all project documents to plaintiffs in violation of their contract; (2) whether defendants failed to deliver the documents before plaintiffs failed to pay defendants. Both of these issues are material disputes relating to plaintiffs' claims of breach of contract. Thus, we deny defendants' motion for summary judgment on this claim.

■ Regarding Count Eight of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether defendants failed to review the professional rules applicable to architects in Pennsylvania to determine whether disclosure to a third party of a fee

dispute with a client is permissible; (2) whether defendants failed to obtain consent from plaintiff before disclosing their fee dispute to a third party; and (3) whether plaintiffs suffered damages from the disclosure. All of these issues are material disputes relating to plaintiffs' claims of negligence. Thus, we deny defendants' motion for summary judgment on this claim.

■ Regarding Count Nine of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether statements made by defendants were defamatory; (2) whether the statements were privileged; and (3) whether plaintiffs suffered damages as a result of the statements. All of these issues are material disputes relating to plaintiffs' claims of defamation. Thus, we deny defendants' motion for summary judgment on this claim.

■ Regarding Count Ten of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether defendants failed to review the professional rules applicable to architects in Pennsylvania to determine whether disclosure to a third party of a fee dispute with a client is permissible; (2) whether defendants intended to interfere with plaintiffs' contracts with Medical Arts; and (3) whether plaintiffs suffered damages from the disclosure. All of these issues are material disputes relating to plaintiffs' claim of intentional interference with a contract. Thus, we deny defendants' motion for summary judgment on this claim.

■ Regarding Count Twelve of plaintiffs' Amended Complaint, the material factual disputes include, but are not limited to: (1) whether defendants intended to discriminate on the basis of race; and (2) whether defendants acted in a discriminatory manner concerning plaintiffs' rights to

make and enforce contracts. Both of these issues are material disputes relating to plaintiffs' claim of civil conspiracy. Thus, we deny defendants' motion for summary judgment on this claim.

### CONCLUSION

For all the foregoing reasons we grant in part and deny in part the Bethlehem Defendants' motion for summary judgment. Specifically, we grant defendants' motion insofar as we dismiss from Count Five of plaintiffs' Amended Complaint the averment that defendant Medical Arts breached sections 7.3.4, 8.3 or 26 of its lease with plaintiff Abdulhay Associates, L.P.

In addition, we dismiss all claims of plaintiff Gazi Abdulhay, M.D. from Count Six of plaintiffs' Amended Complaint. We also dismiss all claims against defendants Medical Arts and Dr. Fogarty from Count Six of plaintiffs' Amended Complaint. Moreover, we dismiss the averments of plaintiffs Women's Center and Surgical Center that defendant Medical Arts breached sections 7.3.4, 8.3 or 26 of its lease with them, from Count Six.

In all other respects, the Bethlehem Defendants' motion for summary judgment is denied.

Finally, for all the foregoing reasons, we deny the Roth Marz Defendants' motion for summary judgment.

### ORDER

NOW, this 31st day of March, 2006, upon consideration of the Motion for Summary Judgment of Defendants Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty, M.D., which motion was filed April 29, 2005; upon consideration of Plaintiffs' Brief in Opposition to Motion for Summary Judgment of Defendants Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty, which brief was filed May 16, 2005; upon consideration of the Motion for Summary Judgment and Brief in Support of Defendants Roth Marz Partnership, P.C. and Mark R. Thompson, which motion was filed April 29, 2005; upon consideration of Plaintiffs' Brief in Response and Opposition to the Motion for Summary Judgment filed by Defendants Roth Marz Partnership, P.C. and Mark R. Thompson, which brief was filed May 16, 2005; after oral argument conducted before the undersigned on October 6, 2005; and for the reasons expressed in the accompanying Opinion,

*IT IS ORDERED* that the Motion for Summary Judgment of Defendants Bethlehem Medical Arts, L.P., Bethlehem Medical Arts, LLC and Kevin T. Fogarty, M.D. ("Bethlehem Defendants") is granted in part and denied in part.

*IT IS FURTHER ORDERED* that Bethlehem Defendants' motion for summary judgment on Count Five of plaintiffs' Amended Complaint is granted in part.

*IT IS FURTHER ORDERED* that plaintiffs' averment that Bethlehem Medical Arts, L.P. breached sections 7.3.4, 8.3 or 26 of its lease with Abdulhay Associates, L.P. is dismissed from Count Five of plaintiffs' Amended Complaint.

*IT IS FURTHER ORDERED* that Bethlehem Defendants' motion for summary judgment on Count Six is granted in part and denied in part.

*IT IS FURTHER ORDERED* that defendants Bethlehem Medical Arts, LLC, and Kevin Fogarty, M.D. are dismissed from Count Six of Plaintiff's Amended Complaint.

*IT IS FURTHER ORDERED* that all claims of plaintiff Gazi Abdulhay, M.D. are dismissed from Count Six of plaintiffs' Amended Complaint.

*IT IS FURTHER ORDERED* that the averments of plaintiffs Lehigh Valley

Women's Cancer Center and Bethlehem Ambulatory Surgery Center, LLC that defendant Bethlehem Medical Arts, L.P. breached sections 7.3.4, 8.3 or 26 of its lease with each of those plaintiffs, are dismissed from Count Six of plaintiffs' Amended Complaint.

*IT IS FURTHER ORDERED* that in all other respects, Bethlehem Defendants' motion for summary judgment is denied.

*IT IS FURTHER ORDERED* that the Motion for Summary Judgment and Brief in Support of Defendants Roth Marz Partnership, P.C. and Mark R. Thompson is denied.